IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CIPRIANO "JORGE" VILLALOBOS, § § § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-05-002 |
| § | |
| LISA HALILI, et al., § § | |
| Defendants. § § § | |

**ORDER GRANTING DEFENDANT BAJRAM HALILI'S MOTION TO DISMISS FOR LACK OF SERVICE OF PROCESS AND DENYING DEFENDANTS' 12(B)(6) MOTION TO DISMISS, OR, IN THE ALTERNATIVE, DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This case arises out of an alleged injury to Cipriano Villalobos ("Plaintiff") while working aboard the vessel MR. AMBASSADOR. Now before the Court are two Motions to Dismiss by Defendants. For the reasons given below, the Motion to Dismiss for Lack of Service of Process by Bajram Halili is **GRANTED** and the Motions to Dismiss for Failure to State a Claim by the other Defendants are hereby **DENIED**. To the extent that Defendants have actually presented a Motion for Summary Judgment, that is also **DENIED**.

**I. Motion to Dismiss for Lack of Service of Process**

Defendant Bajram Halili alleges that he was never served with process. He states that a man named Habib Halili was actually served, and Bajram Halili was not and is still not at the address where Habib Halili was served. Bajram Halili alleges that he is currently in Europe and was there at the time Habib Halili was served.

Plaintiff has the burden of proving service of process.  *See Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 436 (5th Cir. Unit A 1981); *In re Arbitration Between:  Trans Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 298 (S.D. Tex. 1997).  Plaintiff did not offer any response to Bajram Halili's argument, nor does the record reflect a return of service as to Bajram Halili.  Since it appears that Bajram Halili was not served, this Court does not have personal jurisdiction over him.  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104, 108 S. Ct. 404, 409, 98 L. Ed. 2d 415 (1987).  His Motion to Dismiss for Lack of Service of Process is **GRANTED**.  All claims against Bajram Halili ONLY are **DISMISSED WITHOUT PREJUDICE**.

**II.  Motion to Dismiss for Failure to State a Claim**

*A.  Legal Standard*

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted.  When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plaintiff); *see also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). "A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins*, 224 F.3d at 498.  A motion to dismiss should be granted only when it appears without a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1

(2002); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

*B. Analysis*

When a party presents evidence outside the pleadings to the Court on a 12(b)(6) motion, the Court may exclude the evidence or treat the motion as one for summary judgment under Fed. R. Civ. P. 56, giving the parties an opportunity to present whatever materials would be relevant to such a motion. *See* Fed. R. Civ. P. 12(b). Defendants have submitted a copy of a charter of the MR. AMBASSADOR with their Motion, but they have not referenced it in the text of the Motion. Because Defendants have relied so little on this document, the Court will first treat the Motion as a 12(b)(6) motion and exclude all information outside the pleadings.

According to Plaintiff's Complaint, he was injured while working aboard the MR. AMBASSADOR, a vessel used to harvest oysters. He alleges that all Defendants own or operate this vessel and that the individual Defendants are alter egos of the corporations such that the individuals should be personally liable.

Defendants argue that the *pro hac vice* owner of the vessel at the time of Plaintiff's alleged accident was Humberto Jiron, who is not a party to this suit. Defendants also state that Jiron was Plaintiff's employer. Plaintiff has alleged that Defendants owned the vessel and employed him. Plaintiff is not required to offer proof of these allegations with his Complaint. *See* Fed. R. Civ. P. 8(a). If Plaintiff proves these facts, then he is entitled to proceed on his unseaworthiness, negligence, and maintenance and cure claims. *See, e.g.*, 46 U.S.C. app. § 688; *The Osceola*, 189 U.S. 158, 175, 23 S. Ct. 483, 487, 47 L. Ed. 760 (1903). At this point, the Court must accept these allegations as true. *See Collins*, 224 F.3d at 498. Defendants have made

no other argument as to why Plaintiff's allegations are insufficient to sustain those claims. Therefore, Defendants' Motions to Dismiss for Failure to State a Claim are **DENIED**.

Even if the Court converted Defendants' Motion into a Motion for Summary Judgment, Defendants have not met their burden. Summary judgment is appropriate if no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986). Because this case is in its infancy and Defendants have submitted only one document in support of their Motion, the Court simply does not have enough information to determine whether a genuine issue of material fact exists as to the status of the charter and the ownership of the vessel. A motion for summary judgment is premature at this stage. The Court invites the Parties to file appropriate dispositive motions once more discovery has occurred. To the extent that Defendants have actually presented a Motion for Summary Judgment, that Motion is also **DENIED**.

### III. Conclusion

For the reasons stated above, Defendant Bajram Halili's Motion to Dismiss is hereby **GRANTED**, and all claims against Bajram Halili ONLY are **DISMISSED WITHOUT PREJUDICE**. The other Defendants' Motions to Dismiss for Failure to State a Claim or, alternatively, Motions for Summary Judgment are respectfully **DENIED**. Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 1st day of June, 2005, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge